that the plaintiff purchased the note in suit for the purpose of pro-
tecting the rights of his mother-in-law, as he viewed them. He cer-
tainly believed that she was unjustly and unfairly treated by the de-
fendant, that the note in suit was really defendant's obligation, and
that he should pay it, and not cast that burden on her. That he
became its owner solely for purpose of having defendant pay the
note, and not for the purpose of commencing suit thereon, I think is
established by the fact that he purchased it before it became due,
and then demanded its payment; thus offering to defendant an
opportunity to pay it, which was refused. In default of payment,
he then commenced this action, as he had a right to do. Everything
done by him in this matter was done for the purpose of protecting his
said relative. I think the whole record shows that his intention in
purchasing the note was a chivalrous, rather than a champertous,
one.

Judgment reversed, a new trial is ordered, with costs to appellant
to abide event.

***

KIERNAN v. MANHATTAN R. CO.

(City Court of New York, General Term. May 26, 1899.)

RAILROADS—INJURIES TO PASSENGERS—DEFECTIVE APPLIANCES.

 A finding by a jury that a construction by a railroad company of over-
 lapping swinging doors leading to a platform that was used daily by sev-
 eral thousand persons, and was long enough to enable the company to
 build the doors, so that they could not overlap, was negligence, so as to
 justify a recovery by a passenger injured thereby, will be sustained; it
 being the company's duty to furnish its patrons with reasonably safe means
 of ingress and egress to and from the platform.

Appeal from trial term.

Action by Lucy Kiernan against the Manhattan Railroad Company
for personal injuries. Judgment for plaintiff, and defendant appeals.
Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and
O'DWYER, JJ.

Charles A. Gardiner, for appellant.
Alfred & Charles Steckler, for respondent.

PER CURIAM. It is conceded that the doors which caused the
injuries complained of were double overlapping swinging doors. As
to whether or not such a construction was a safe and proper one, un-
der all the facts and circumstances of this case, was a question of
fact for the jury to determine. It was properly submitted to the
jury, and determined against the defendant. We concur in their
finding. Such a construction, in our judgment, was positively dan-
gerous in this instance. The evidence shows that the defendant's
platform was long enough, so as to enable it to so build its doors
that they would not have overlapped, no matter how used by defend-
ant's patrons. It is certainly under a duty to its patrons to furnish
them with reasonably safe means of ingress and egress to and from
the platform in question. The fact that such platform was daily

used by several thousands of persons should have caused them to avoid a defective and dangerous construction, such as this one was. We find no error, and judgment must be affirmed, with costs.